## J. C. and M. C. Nesbit v. B. B. Bennett.

**Rescission of Contract.**

> A party having accepted a deed, who wishes a rescission of the contract, has the burden to show that his vendors had no title to the land, and he has no right to a rescission until he puts the title in issue by sufficient averments.

APPEAL FROM BALLARD CIRCUIT COURT.

December 14, 1877.

OPINION BY JUDGE COFER:

The cross-petition of the appellee does not contain a statement of facts entitling him to a rescission of the contract. Having accepted a deed, the burden was on him to show that his vendors had no title to the land, and he had no right to a rescission or even to an exhibition of the title until he put the title in issue by sufficient averments.

The only averment applying to the whole tract is that the appellants have no good and sufficient title. This may be true, and yet the only defect in the title may be that the wife of some remote vendor has not relinquished her right to dower, or some other slight defect which might be easily and readily cured, or which, if not cured, would furnish no sufficient ground for the rescission of an executed contract. He should have averred that the vendors had no title, or have pointed out in his pleading the particular defects existing in the title, and not having done so he had no ground for asking a rescission for want of title to the entire tract.

As to 44 acres of the land he did aver that the appellants had no title, and, the deed under which Mrs. Bryant claimed the land not having been recorded in Ballard county, they failed to show

title; but as the averment of want of title was limited to the 44 acres, the appellants were not called upon to exhibit title to any other portion, and as the loss of that part of the entire tract, if it be lost, would not entitle the appellee to a rescission, but merely to an abatement to the extent of its value, the court erred in rescinding the contract.

Upon the return of the cause the appellee should be required to amend his pleadings and make Earle and Vallandingham parties, that they and the appellants may litigate the title to the 44 acres; and if it shall be adjudged that the appellants' title to that part of the land is inferior to that of Earle and Vallandingham, the value of the part so lost, as compared with the whole tract at the contract price, should be deducted from the unpaid purchase money, or if it shall exceed that sum the appellee will be entitled to judgment against J. C. Nesbitt on his covenant of warranty for the excess.

Judgment *reversed* and cause remanded for further proper proceedings.

*N. P. Moss, for appellants.    Bullock & Bullock, for appellee.*